The defendant in this matter was convicted of indecent assault and battery of a person over fourteen years of age, G. L. c. 265, § 13H, assault with intent to rape, G. L. c. 265, § 24, and assault and battery, G. L. c. 265, § 13A. He now appeals. The defendant complains of the admission of evidence of prior bad acts, specifically two events that occurred prior to the conduct of which he was convicted: the defendant slapped the complainant in her face and kicked her in the face with his bare foot. The evidence was admitted with a limiting instruction that stated it could be considered "not to show that the defendant has misbehaved in some manner, or has bad character, or a propensity to commit the crimes charged in these indictments ... [but] only to the extent that you deem it relevant to the nature of the relationship between the witness and the defendant, to any pattern of conduct on his part, or to his state of mind. Those are the only purposes for which you may consider the evidence."
The parties dispute the standard of review, but we assume without deciding that the proper standard is review for prejudicial error, as the defendant argues. The defendant argues that the judge abused her discretion in allowing this evidence because the risk of unfair prejudice from its admission outweighed its probative value. See Commonwealth v. Crayton, 470 Mass. 228, 249 (2014) ("Even if the [other bad acts] evidence is relevant ... , the evidence will not be admitted if its probative value is outweighed by the risk of unfair prejudice to the defendant"). See also Mass. G. Evid. § 404(b)(2) (2017) ("[E]vidence of other bad acts is inadmissible where its probative value is outweighed by the risk of unfair prejudice to the defendant, even if not substantially outweighed by that risk").
The evidence here was admissible to depict the existence of a hostile relationship between the defendant and the victim. See Commonwealth v. Oberle, 476 Mass. 539, 550 (2017) ("It is well established that in appropriate cases, a defendant's prior acts of domestic violence may be admitted for the purpose of showing ... the existence of a hostile relationship between the defendant and the victim" [quotation omitted] ). It was also admissible to demonstrate a pattern of conduct to ensure that the charged conduct does not "seem an inexplicable act of destruction" as it might "if carried out in a vacuum," Commonwealth v. Chartier, 43 Mass. App. Ct. 758, 760-761 (1997), and to show state of mind, see Commonwealth v. Ashman, 430 Mass. 736, 741 (2000). We review only the judge's conclusion that the risk of unfair prejudice did not outweigh the probative value of this evidence. The balancing of this risk against the value of the evidence is perhaps the quintessential task that is committed to a trial judge's sound discretion. In this case, particularly in light of the fact that an appropriate limiting instruction was given, we do not conclude that the judge's determination was outside the broad scope of her discretion.
Judgments affirmed.